IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STRUCTURAL PRESERVATION  \*
SYSTEMS, LLC, AND STRUCTURAL
GROUP, INC.,              \*

    Plaintiffs
                                 \*
  v.
                                 \*   CIVIL NO. MJG-12-01850
JAMES L. ANDREWS,
SEAN TURNER, AND
BENJAMIN BALL,            \*

    Defendants.          \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Sean Turner's motion to compel discovery pursuant to Local Rule 104.7. (ECF No. 84.) Briefing is complete. For the reasons set forth herein, the Court DENIES the motion without prejudice. If there are any disputes remaining after the production of documents pursuant to my February 3, 2014 order (ECF No. 110), the parties should meet and confer and follow the procedures and timeline set out in the Federal Rules of Civil Procedure and Local Rules of this Court.

**I. Motion to Compel**

This case arises out of Defendants alleged use, disclosure, and/or misappropriation of Plaintiffs "valuable, confidential,

and proprietary information and trade secrets," relating to, inter alia, strategic plans, pricing models, customized tools to price jobs and create bids, client lists, and proprietary techniques and processes. (Am. Compl. ¶¶ 36, 63, ECF No. 49.) The present motion, Defendant Sean Turner's motion to compel, concerns Turner's first set of interrogatories and requests for production of documents propounded upon Plaintiffs. Plaintiffs objected to each of Turner's twenty one (21) interrogatories and twenty four (24) requests for production, asserting, inter alia, that Plaintiffs would not produce any of the documents requested absent a protective order from this Court.

On August 30, 2013, counsel for Defendant Sean Turner forwarded a letter to Plaintiffs' counsel setting forth Turner's responses to Plaintiffs' refusal to respond and objections to Turner's interrogatories and requests for production. (Mot. Compel, Ex. 1, August 30, 2013 letter, ECF No. 84-1.) Counsel for the parties conferred in an effort to resolve this discovery dispute on September 12, 2013, September 20, 2013, October 22, 2013, and October 29, 2013. (Mot. Compel 3-4, ECF No. 84.) During these discussions, counsel for the parties proposed various protective orders as well as discussed Plaintiffs' objections to Turner's interrogatories and requests for production. On October 3, 2013, Plaintiffs' counsel forwarded a

letter acknowledging that Plaintiffs agree with Defendants' recitations regarding interrogatories and requests for production, except as to Interrogatories 15, 16, and 17 and Requests 2, 3, 4, 5, 12, 16, 22, and 24. (Pls.' Opp'n, Ex. 1, October 3, 2013, letter, ECF No. 84-3.) Additionally, Plaintiffs' opposition concedes that "upon entry of a protective order, Plaintiff agrees to supplement its objections and responses to Defendant Turner's discovery requests to provide documents and information pursuant to the terms of the protective order." (Id. at 11.)

On February 3, 2014, this Court entered a protective order to govern discovery in this case. (ECF No. 110.) Accordingly, the undersigned denies the motion without prejudice and instructs the parties to meet and confer if any dispute remains after the document production and follow the procedures and timeline set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**III. Conclusion**

For the foregoing reasons, Defendant Sean Turner's motion to compel discovery is hereby DENIED without prejudice.

Date: 2/20/14                        /s/
                                     Susan K. Gauvey
                                     United States Magistrate Judge