IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STRUCTURAL PRESERVATION          *
SYSTEMS, LLC, et al.
                Plaintiffs       *

        vs.                      *    CIVIL ACTION NO. MJG-12-1850

JAMES L. ANDREWS, et al.         *

           Defendants            *

*       *       *       *        *        *        *        *        *

## MEMORANDUM AND ORDER RE: SECOND AMENDED COMPLAINT

The Court has before it Plaintiffs' Motion for Leave to Amend Complaint [Document 136], and the materials submitted related thereto.  The Court finds no need for a hearing.

I.   BACKGROUND[1]

Plaintiff Structural Preservation Systems, LLC ("SPS"), based in Hanover, Maryland, is a specialty contractor that provides construction and engineering services in the commercial, government, industrial, energy, and transportation markets.  Specifically, SPS performs floor tipping restoration and vault work.  Plaintiff Structural Group, Inc. ("SGI"), based in Baltimore, Maryland, is the general manager of SPS.  Defendants Sean Turner ("Turner"), Benjamin Ball ("Ball"), and James Andrews ("Andrews") (collectively, the "Defendants") are

---

[1]   The "facts" are stated herein as alleged by Plaintiffs and not agreed upon in various respects by Defendants.

former employees of SPS.  In the Amended Complaint [Document 49], filed April 1, 2013, Plaintiffs present claims in four Counts:

| | |
|---|---|
| Count I | Breach of Contract (All Defendants), |
| Count II | Violation of Maryland Uniform Trade Secrets Act (All Defendants), |
| Count III | Breach of Contract (Defendant Andrews), and |
| Count IV | Declaratory Judgment (Defendant Andrews) |

In the Memorandum and Order Re: Motions to Dismiss Amended Complaint [Document 71], the Court denied Defendants' motions for dismissal of all claims.

By the instant Motion, Plaintiffs proffer a Second Amended Complaint ("SAC") that would add two Defendants and two Counts.

II.  <u>DISCUSSION</u>

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a complaint] when justice so requires."  Despite this general rule liberally allowing amendments, the United States Court of Appeals for the Fourth Circuit has stated that a district court should deny leave to amend "'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"  <u>Laber</u>

v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting

Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.

1986)).


A.   The Proposed Additional Defendants

Plaintiffs seek to add as Defendants, two entities,

alleging that:

> 6.   Turner and Sons Deck Company, is a
> corporation organized under the laws of
> the State of California with its
> principal place of business at 15552
> Commerce Lane, Huntington Beach,
> California 92649.  Turner and Ball are
> the majority stockholders in Turner and
> Sons.
>
> 7.   American Restore, Inc. is a corporation
> organized under the laws of the State
> of California with its principal place
> of business at 15552 Commerce Lane,
> Huntington Beach, California 92649.
> American Restore's only stockholders
> are Andrews, Turner and Ball.

Proposed SAC [Document 137-1] at 2.

Defendants assert in their Responses to the instant Motion

that the addition of these entities as defendants would be

futile because the Court has no personal jurisdiction over them.

See, e.g., [Document 138] at 17-24.  In their Reply [Document

140], Plaintiffs do not suggest a basis upon which the Court

could assert personal jurisdiction over Turner and Sons Deck

Company or over American Restore, Inc.  Indeed, Plaintiffs do

not even address the matter.

Plaintiffs will not be permitted to file the SAC to add the two proffered additional defendants.

B.   Additional Counts

In the proffered SAC, Plaintiffs include two Counts:

> Count IV[2] (sic) - Tortious Interference with Contractual Relationship (Andrews' and American Restore's Execution of the American Restore Agreement and Defendants' Use of Delta-Top 404 / Super Euco-Top)

> Count V - Tortious Interference with Business Relationship (Andrews' and American Restore's Execution of the American Restore Agreement and Defendants' Use of Delta-Top 404/Super Euco-Top)

Proposed SAC [Document 137-1] at 29-31.

Defendants assert, inter alia, that the Court lacks personal jurisdiction over them with regard to the proffered additional counts.  See, e.g., [Document 138] at 24-27. Plaintiffs address the matter in their Reply, stating:

> [T]he Court found in its February 6, 2013 Order that the Defendants consented to personal jurisdiction in this Court for all matters arising out of or related to their employment agreements.  That included not only direct claims of breach of contract related to the confidentiality clauses, but also to indirect claims such as those asserted under the Maryland Uniform Trade Secrets Act.

[Document 140] at 3.

---

[2]   This is the second count in the proffered SAC referred to as "Count IV."

The Court did hold that, by virtue of their employment agreements, Defendants Ball and Turner had consented to jurisdiction in Maryland of "'any disputes or controversies between the parties out of or based on this AGREEEMENT (sic)'" and that Defendant Andrews had so consented with regard to "'any suit involving any dispute or matter arising under this Agreement'" (as stated in the asset purchase agreement) and/or with regard to "'any dispute or controversy arising under or concerning this Agreement'" (as stated in the employment agreement).[3] [Document 43] at 7-15.  The Court did not hold, and does not hold, that these Defendants consented to jurisdiction in Maryland over any dispute that may arise <u>vis-à-vis</u> Plaintiffs.  In particular, Defendants did not consent to jurisdiction in Maryland over claims that did not arise out of or that are not based on their employment agreements.

Proffered Counts IV and V present claims for tortious interference with contractual and business relationships.  Some of the allegations supporting proffered Counts IV and V claim that the tortious conduct was Defendants' breaches of

---

[3]    The Court stated in its February 6, 2013 Memorandum and Order Re: Motions to Dismiss that "[f]or jurisdictional purposes, it is immaterial whether the instant case is subject to the employment agreement or the asset purchase agreement choice of forum provision. Both are mandatory, providing exclusive jurisdiction in Maryland courts subject to SPS's right to seek injunctive relief in any court of competent jurisdiction." [Document 43] at 15.

confidentiality obligations and the Maryland Uniform Trade Secrets Act.  Thus, Plaintiffs allege that Defendants utilized Plaintiffs' confidences and trade secrets to interfere with contractual and business relationships.  See, e.g., Proffered SAC [Document 137-1] ¶ 94, 95, 112, 120.  However, to the extent that Plaintiffs may prevail on a claim based upon these allegations, that claim would be within the scope of the claims asserted in Counts I (breach of contract) and II (violation of Maryland Uniform Trade Secrets Act).  To the extent that the claims in proffered Counts IV and V are based upon allegations that do not include the use of confidences and trade secrets, and that are, therefore, not duplicative of claims within the scope of Counts I and II, the Court lacks personal jurisdiction over Defendants.

By virtue of its conclusion regarding the matter of personal jurisdiction, the Court finds it unnecessary to discuss the additional reasons presented by Defendants for denial of the instant Motion.

The Court will not exercise its discretion to permit the filing of the SAC.

III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint [Document 136] is DENIED.


SO ORDERED, on <u>Tuesday, March 3, 2015</u>.


                          _____/s/_____
                              Marvin J. Garbis
                         United States District Judge